Steven T. Holmes
State Bar No. 00794918
Emily S. Wall
State Bar No. 24079534
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, TX  75202
Direct Dial: (214) 573-7307
Email: ewall@chfirm.com

Attorneys for First Guaranty Bank

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In Re: § § § INDUSTRIAL SCREW CONVEYORS, INC., § § Debtor. § § | Case No. 23-30228-swe Chapter 11 |

# FIRST GUARANTY BANK'S OPPOSITION TO UNAUTHORIZED USE OF ITS CASH COLLATERAL AND MOTION FOR ADEQUATE PROTECTION

First Guaranty Bank ("FGB"), a secured creditor in this case, files its **Opposition to Unauthorized Use of its Cash Collateral and Motion for Adequate Protection** (the "Motion"), and in support of the Motion, FGB respectfully shows the Court as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 11 U.S.C. §§ 361 and 363. This Motion is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (M).

## BACKGROUND

2. Industrial Screw Conveyors, Inc. ("Debtor") filed its voluntary chapter 11 bankruptcy case on February 7, 2023 ("Petition Date").

3. As of the Petition Date, the Debtor was in default on multiple secured obligations owed to First Guaranty Bank ("FGB").

### Overview

4. The Debtor has two outstanding secured loans from FGB on which it has made no payments in approximately eighteen months. The two loans together are secured by all of the Debtor's assets. The Debtor has allegedly contracted with a newly-formed affiliate to operate the Debtor's business in a manner calculated to skirt the restrictions on use of cash collateral imposed by 11 U.S.C. §363(c)(2).

### SBA Loan

5. Synergy Bank, SSB ("Synergy") provided a $520,000.00 U.S. Small Business Administration loan (the "SBA Loan") to the Debtor governed by a Note and related loan documents executed on January 31, 2014.

6. The Debtor pledged its accounts and inventory as collateral for its obligations under the SBA Loan.

7. Synergy recorded its UCC Financing Statement on January 30, 2014 perfecting its security interest in the Debtor's accounts and inventory (the "SBA Collateral").

8. The SBA Loan was modified by agreement between Synergy and the Debtor on January 30, 2015 and again on October 15, 2015. As a result of the modifications, the principal amount of the SBA Loan was increased to $975,000.00.

9. In 2017, FGB acquired Premier Bancshares, a holding company for Synergy.

10. On May 20, 2020, FGB and the Debtor entered into a Third Modification and Renewal of Loan, Note and Other Loan Documents, which references a March 2019 change of ownership of the Debtor indicating that, as of March 11, 2019, AFB Capital Partners I, LLC ("AFB") is the sole owner of the Debtor, and William A. Hartley ("Hartley") is the sole owner of AFB.

11. Hartley and AFB have both guaranteed the SBA Loan.

12. The Debtor defaulted on the SBA Loan in late 2021, prior to the Petition Date.

13. The Debtor scheduled the SBA Loan on Schedule D with a balance of $896,551.00 as of the Petition Date. The Debtor did not schedule any accounts receivable or inventory as collateral.[1]

### USDA Loan

14. On January 23, 2014, Synergy loaned the Debtor $9,500,000.00 governed by a Promissory Note and related loan documents and backed, in part, by the U.S. Department of Agriculture (the "USDA Loan").

15. The Debtor pledged approximately 75 acres of real property in Johnson County, Texas (the "Real Property") and all machinery, equipment, furniture, fixtures, and accessories (collectively, the "Equipment") as collateral for its obligations under the USDA Loan.

16. A Deed of Trust was recorded in the real property records for Johnson County on January 29, 2014 perfecting Synergy's lien on the Property. An Assignment of Leases and Rents was also recorded in the real property records for Johnson County on January 29, 2014. Synergy recorded its UCC-1 on January 24, 2014 perfecting its lien on the Equipment.

17. As with the SBA Loan, once AFB acquired the Debtor, both AFB and Hartley guaranteed the USDA Loan.

18. The Debtor defaulted on the USDA Loan in late 2021, prior to the Petition Date.

19. The Debtor scheduled the USDA Loan on Schedule D with a balance of $8,687,643.12 as of the Petition Date, and the Debtor's schedules acknowledge FGB's lien on the Property and the Equipment.

---

[1] The Debtor, in fact, listed no accounts receivable or inventory whatsoever on Schedule B.

## DEBTOR'S UNAUTHORIZED USE OF FGB's COLLATERAL

20. At the section 341 meeting of creditors held in this case on March 15 and March 20, 2023[2], Hartley's testimony on behalf of the Debtor revealed the following:

   a. Hartley created an entity named ISC Manufacturing, LLC ("ISC") in July 2019. [Ex. A, p.18, lines 408-11].

   b. ISC is 100% owned and controlled by Hartley. [Ex. A, p.18, lines 410-13].

   c. On January 1, 2022, without informing FGB, Hartley began allowing ISC to use the Debtor's Property and Equipment, which is FGB's collateral, for manufacturing purposes. [Ex. A, p. 6, lines 117-20; p.17-18, lines 395-407; Ex. B, p.4, lines 52-68].

   d. Since January 1, 2022, the Debtor has had no operations other than purportedly leasing the Property and Equipment to ISC. [Ex. A, p.6, lines 119-20; Ex. B, p.3-4, lines 42-51].

   e. There are two written agreements between the Debtor and ISC dated on or about January 1, 2022, both of which are referenced on Schedule G: (1) a Commercial Lease Agreement; and (2) a Management Services Agreement. [Docket No. 23; Ex. A, p.18-20, lines 414-19; 434-54].

   f. Under the Lease, ISC agreed to pay the Debtor approximately $100,000 per month. [Ex. A, p.18-19, lines 423-27].

   g. Under the Management Agreement, ISC agreed to pay the Debtor $20,000 or $25,000 per month for the Debtor's purported management services. [Ex. A, p.20, lines 451-52].

---

[2] A transcript of the March 15, 2023 341 meeting is attached to this Motion as **Exhibit A**; a transcript of the March 20, 2023 341 meeting is attached to this Motion as **Exhibit B.**

**Opposition to Use of Cash Collateral and Motion for Adequate Protection**            **Page 4 of 7**

    h. ISC has never paid the Debtor any amounts under either the Lease or the Management Agreement. [Ex. A, p.20, lines 455-57].

    i. The Debtor did not transfer the Property or Equipment to ISC, rather, the Debtor is letting ISC use the Property and Equipment for ISC's operations. [Ex. A, p.6, lines 110-20 and p. 17-18, lines 395-405; Ex. B, p.3-5, lines 42-87]

    j. The Debtor has had no actual income since ISC began operating in January 2022, and the $1,500,000.00 shown on the Statement of Financial Affairs No. 1 is on an "accrual basis" – in other words, the amount shown is what the Debtor *should have* collected from ISC under the two agreements [Docket No. 11; Ex. A, p.19, lines 430-33, p.20, lines 458-66].

21. According to filings with the Texas Secretary of State dated February 4, 2020, "ISC Manufacturing" is an assumed name of the Debtor (See attached **Exhibit C**).

22. The Debtor filed amended schedules on April 12, 2023 and added an asset for "unpaid lease payments from ISC Manufacturing, LLC" with a scheduled value of $2,067,398.63 [Docket No. 23].

23. The Debtor has not filed any pleading in this case seeking authority to use FGB's cash collateral under 11 U.S.C. § 363(c), nor has FGB consented to the Debtor (or ISC) using its cash collateral post-petition.

## RELIEF REQUESTED

24. Any and all proceeds, products, and cash being generated by the use of FGB's collateral (including the Property, the Equipment, and the SBA Collateral) is FGB's cash collateral under 11 U.S.C. § 363(a).

25. FGB has not consented to the use of its cash collateral.

26. Based on its lack of consent and the Debtor's failure to seek or obtain an order authorizing it to use FGB's cash collateral, FGB requests that the Court: (1) order that the Debtor immediately stop using FGB's cash collateral in accordance with 11 U.S.C. § 363(c); (2) in the alternative, pursuant to 11 U.S.C. § 363(e), order that the Debtor provide FGB with adequate protection, in an amount to be determined by the Court, for the Debtor's ongoing use of FGB's cash collateral via ISC; and (3) grant FGB such other and further relief as is just.

Respectfully submitted,

/s/ Emily S. Wall
Steven T. Holmes
State Bar No. 00794918
Emily S. Wall
State Bar No. 24079534
900 Jackson Street, Suite 570
Dallas, TX  75202
Direct Dial: (214) 573-7307
Email: ewall@chfirm.com

Attorneys for First Guaranty Bank

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served on April 18, 2023 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means and by U.S. First Class Mail on the Debtor and Debtor's counsel as follows:

Industrial Screw Conveyors, Inc.
4133 Conveyor Drive
Burleson, TX 76028

Hayward PLLC
John P. Lewis, Jr.
10501 N. Central Expressway
Suite 106
Dallas, TX 75231

                                     /s/ Emily S. Wall
                                     Emily S. Wall